UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEHDI MOSLEM,<br><br>                          Plaintiff,<br><br>-against-<br><br>MICHAEL MACKLOWITZ, ESQ.; SETH GINSBERG, ESQ.; DANTE DEMARTINO; DREW SMITH,<br><br>                          Defendants. | 1:23-CV-1561 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mehdi Moslem, who filed his complaint while incarcerated in the United States Penitentiary (Canaan), in Waymart, Pennsylvania, brings this *pro se* action under the court's diversity jurisdiction.[1] He alleges that he is a citizen of Pennsylvania, and that at least three of the four named defendants are citizens of New York. (ECF 1, at 2-3). Plaintiff seeks $50,000,000 in damages. He sues: (1) Michael Macklowitz, Esq.; (2) Seth Ginsberg, Esq.; (3) Dante Demartino; and (4) Drew Smith. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff is currently in the custody of the Federal Bureau of Prisons's Residential Reentry Office in New York, New York.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that Defendants Demartino and Smith both reside in Great Neck, Nassau County, New York (ECF 1, at 2), which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). He also asserts that Defendant Macklowitz resides in an unspecified location in New York (*see* ECF 1, at 2-3), and he does not specify where Defendant Ginsberg resides.[2] Accordingly, Plaintiff does not allege facts sufficient to show that, under Section 1391(b)(1), this court is a proper venue for this action.

Plaintiff also does not assert that a substantial part of the events giving rise to his claims occurred within this judicial district. Thus, he does not allege facts sufficient to show that, under Section 1391(b)(2), this court is proper venue for this action. Plaintiff does allege, however, that a substantial part of the events giving rise to his claims occurred in Queens County, New York (ECF 1, at 4), which also lies within the Eastern District of New York, *see* § 112(c). Thus, it is clear that, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or

---

[2] Plaintiff alleges that Defendants Macklowitz and Ginsberg are both attorneys and that their law office is located in New York, New York County, New York (*id.* at 2), which lies within this judicial district, *see* § 28 U.S.C. 112(b) (this judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan).

division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Queens County, within the Eastern District of New York. *See* §112(c). Accordingly, venue lies in the United States District Court for the Eastern District of New York, *see* § 1391(b)(2), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 2, 2023
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge